IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Feb 16, 2017
U.S. DISTRICT COURT
Northern District of WV

**GARY TREADWAY,**

    **Plaintiff,**

v.                                        Civil Action No.:  5:17-CV-23  (Bailey)

**JACKSON HEWITT INC.,
K.R. ENTERPRISES, INC., and
JEREMY W. EVANS,**

    **Defendants.**

## NOTICE OF REMOVAL

Defendant Jackson Hewitt Inc. ("JHI") removes this action from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia, Wheeling Division, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. In support of this Notice of Removal, JHI states as follows:

1. On January 12, 2017, Plaintiff Gary Treadway ("Treadway") filed this action in the Circuit Court of Ohio County, West Virginia captioned *Gary Treadway v. Jackson Hewitt Inc., KR Enterprises, Inc., and Jeremy Evans*, Civil Action No. 17-C-13. (Complaint, Exhibit A.)

2. In his Complaint, Treadway alleges, among other things, that an employee of KR Enterprises, Inc. ("KR Enterprises"), Jeremy Evans ("Evans"), stole his identity and filed a fraudulent income tax return on his behalf (without authorization). (Compl., Ex. A ¶¶ 38-54.) He asserts claims for (1) breach of fiduciary duty; (2) negligence; (3) violations of the West Virginia Consumer Credit and Protection Act; and (4) violations of the West Virginia Computer Crime and Abuse Act. (Compl., Ex. A ¶¶ 84-115.)

1

3. Treadway served the Complaint on JHI on January 17, 2017. (Notice of Service of Process, Ex. B.)

4. This civil action is properly removable to this Court because (i) the amount in controversy exceeds $75,000, (ii) there is complete diversity of citizenship among Treadway and Defendants, and (iii) JHI has timely filed this Notice of Removal and complied with the requirements under 28 U.S.C. § 1446.

## I. The Amount in Controversy Exceeds $75,000

5. As to the amount in controversy, Treadway does not plead any specific amount of damages in his Complaint. (*Se*e Compl., Ex. A at ¶¶ 122-29 & *ad damnum* clause.) "[W]hen the complaint's *ad damnum* clause does not specifically state the amount in controversy, several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012) (citations omitted).

6. Accordingly, the burden is on JHI to "show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W. Va. 1996)).

7. In determining whether the amount in controversy exceeds $75,000, the Court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted).

8. In his Complaint, Treadway seeks, among other things, compensation for (1) financial losses and consequential damages; (2) annoyance, aggravation, inconvenience and severe emotional distress; (3) punitive damages; (4) attorneys' fees and costs; and (5) "equitable relief, including, but not limited to, . . . credit monitoring services and identity theft insurance . . . ." (Compl., Ex. A ¶¶ 122-129.)

9. As to Treadway's alleged financial losses and consequential damages, he alleges he "incurred significant state and federal interest and penalties" and "he owes *several thousand dollars* even after making significant payments to" the IRS and State of West Virginia Tax Department. (Compl. ¶¶ 53-54 (emphasis added).)

10. As to Treadway's alleged damages for "humiliation, mental anguish, anxiety, embarrassment, emotional distress, [and] financial hardship," (Compl., Ex. A ¶ 124), amounts awarded in other similar cases are persuasive. *Watterson*, 14 F. Supp. 2d at 850.

11. In *Sloan v. Equifax Info. Servs.*, 510 F.3d 495 (4th Cir. 2007), the United States Court of Appeals for the Fourth Circuit affirmed a jury award of $245,000 for mental anguish, humiliation, and emotional distress to plaintiff asserting violations of the Fair Credit Reporting Act after a credit reporting agency failed to correct a credit rating ruined by identity theft. *Id.* at 503. The Fourth Circuit stated in *Sloan* that "[a] survey of . . . [Fair Credit Reporting Act] cases that involve requests for remitter of emotional distress awards suggest that approved awards . . . typically range between $20,000 and $75,000." *Id.* at 505. The court then noted the following cases:

> a. *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1371 (10th Cir. 1987) (upholding a jury award of $61,500);
>
> b. *Cortez v. Trans Union, LLC*, No. 05–cv–05684–JF, 2007 WL 2702945, at *2 (E.D. Pa. Sept. 13, 2007) (refusing to remit a jury award of $50,000);

      c. *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851, 860–61 (W.D. Ky. 2003) (remitting a jury award of $197,000 to $100,000, including a $75,000 award for emotional distress); and

      d. *Anderson v. Conwood Co.*, 34 F. Supp. 2d 650, 656 (W.D. Tenn. 1999) (remitting a jury award of $2,000,000 to $50,000).

12. Additionally, Treadway seeks punitive damages. (Compl., Ex. A ¶¶ 127-29 & *ad damnum* clause.) Punitive damages may be included for the purpose of determining the amount in controversy. *Heller*, 877 F. Supp. 2d at 428. "A request for punitive damages where properly recoverable, inevitably inflates a plaintiff's potential recovery[.]" *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000).

13. Although JHI denies any wrongdoing, Treadway makes a claim for punitive damages in his Complaint. (Compl., Ex. A ¶¶ 127-29 & *ad damnum* clause.) He alleges that JHI's conduct was "done willfully, wantonly, reckless and/or with complete indifference to [its] obligations under West Virginia law." (Compl., Ex. A ¶ 128.) If proven, Treadway may be entitled to punitive damages under West Virginia law. *See* W. Va. Code § 55-7-29(a) ("An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others."). Accordingly, Treadway's claim for punitive damages "inevitably inflates" his potential damages. *Hicks*, 122 F. Supp. 2d at 701.

14. Finally, Treadway seeks attorneys' fees. (Compl., Ex. A ¶ 125.) "If a state statute provides for attorneys' fees, such fees also are included as part of the amount in controversy." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002) (citation omitted).

15. Treadway's claim for attorneys' fees are included as part of the amount in controversy because the West Virginia Consumer Credit and Protection Act provides that "[i]n any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer."  W. Va. Code § 46A-5-104.  Treadway has asserted a claim under the West Virginia Consumer Credit and Protection Act.  (Compl., Ex. A ¶¶ 105-10.)[1]

16. Accordingly, based on fair reading of the Complaint, this action more likely than not involves more than $75,000.

## II. Complete Diversity Exists Among the Parties

17. There is also complete diversity of citizenship among Treadway and Defendants JHI, KR Enterprises, and Evans.  Removal under is permissible if the action "is between citizens of different States."  28 U.S.C. § 1332(a)(1).

18. On information and belief, and as evidenced by his Complaint, Treadway is a citizen of West Virginia.  (*See* Compl., Ex. A ¶ 1.)

### A. JHI is diverse from Plaintiff because it is a citizen of New Jersey and Virginia.

19. A corporation is deemed to be a citizen of its state of incorporation and of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  "[A] corporation's principal place of business is always its 'nerve center.'"  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104 (4th Cir. 2011) (quoting *Hertz Corp. v.*

---

[1] JHI denies that Treadway can establish claims under the West Virginia Consumer Credit and Protection Act (as well as all of his other claims) or that he can recover attorneys' fees.  *See supra* ¶ 13; *Hicks v. Universal Housing, Inc.*, 792 F. Supp. 482, 484 (S.D.W. Va.) ("The courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint . . . .").

*Friend*, 559 U.S. 77, 91 (2010)).  A corporation's "nerve center" is "usually its main headquarters."  *Friend*, 559 U.S. at 93.

20. JHI is incorporated in Virginia.  (Compl., Ex. A ¶ 2.)  JHI's principal place of business is located in New Jersey because its headquarters are located in Jersey City, New Jersey.  (Compl., Ex. A ¶ 2); *Friend*, 559 U.S. at 93.  Accordingly, JHI is a citizen of Virginia and New Jersey.

21. Because Treadway is a citizen of West Virginia and JHI is a citizen of Virginia and New Jersey, they are diverse.

  **B.** **KR Enterprises is diverse from Plaintiff because it is a citizen of Virginia.**

22. KR Enterprises is a corporation organized under the laws of Virginia.  (Compl., Ex. A ¶ 3.)  KR Enterprises's principal place of business is located in Virginia.  (Compl., Ex. A ¶ 3.)  Accordingly, KR Enterprises is a citizen of Virginia.

23. Because Treadway is a citizen of West Virginia and KR Enterprises is a citizen of Virginia, they are diverse.

  **C.** **Evans is diverse from Treadway because he is a citizen of Virginia.**

24. Although Treadway alleges that "[a]t all times pertinent and relevant herein, Jeremy Evans was and is a resident of McDowell County, West Virginia," Evans is a citizen of Virginia.  (Jeremy Evans Aff., dated Feb. 16, 2017, Ex. C ¶¶ 1-2.)

25. A person is a citizen of whichever state he or she is domiciled.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile . . . .").

26. Domicile requires (1) physical presence and (2) an intent to make the state a home.  *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citations omitted).

However, "[p]roof that a party to the suit is a resident of a state is prima facie evidence that he is a citizen thereof." *Humphrey v. Fort Knox Transit Co.*, 58 F. Supp. 362, 364 (W.D. Ky. 1945) (citing *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 312 U.S. 377 (1941); *Anderson v. Watts*, 138 U.S. 694 (1891); *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377 (1904)).

27. The relevant time for determining the existence of a domicile at a particular location for purposes of diversity of citizenship jurisdiction is at the time that suit is commenced by the filing of the complaint. *Weekly v. Olin Corp.*, 681 F. Supp. 346, 348 (N.D.W. Va. 1987).

28. In determining diversity jurisdiction, courts have taken judicial notice of where an individual lists his residence on Facebook. *See, e.g.*, *Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2016 WL 7178559, at *3 (N.D. Cal. Dec. 9, 2016) (taking judicial notice that plaintiff's son lists his residence in California based a screenshot of Plaintiff's son's Facebook page stating he lives in California).

29. Screenshots (*i.e.*, images of the data displayed on the screen of a computer) from Evans's Facebook profile indicate that he resides in Marion, Virginia and works in Atkins, Virginia. (Declaration of John B. Hardison, dated Feb. 16, 2017, Ex. C ¶ 3-5 & Ex. 1.)

30. A LexisNexis search of Evans shows that his current address is 1628 Cleghorn Valley Rd., Marion, Virginia 24354. (Hardison Decl., Ex. C ¶ 6 & Ex. 2.)

31. Because Treadway is a citizen of West Virginia and Evans is a citizen of Virginia, they are diverse.

### III. Removal is Timely and All Other Requirements Under 28 U.S.C. § 1446 Have Been Satisfied

32. Removal is timely if filed within thirty days of service of the Complaint. 28 U.S.C. § 1446(b).

33. On January 17, 2017, Treadway served his Complaint on JHI. (Ex. B.) Because the Notice of Removal is being filed within thirty days of service, removal is timely under 28 U.S.C. § 1446(b).

34. Additionally, JHI has complied with all other requirements for removal under 28 U.S.C. § 1446. JHI has attached copies of all process and pleadings served in the state court action as of the date of this removal. (Ex. A; Ex. B; Ex. D.) A certified state court civil docket sheet is attached. (Certified State Court Civil Docket Sheet, Ex. E.) Pursuant to 28 U.S.C. § 1446(d), JHI is filing this Notice of Removal in Circuit Court of Ohio County and serving it upon Treadway. (Notice of Removal, Ex. F.)

35. All Defendants who have been properly joined and served have consented to removal.[2] (Ex. G.)

For the foregoing reasons, and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, JHI respectfully requests that the above-referenced action, having been properly removed from the Circuit Court of Ohio County, West Virginia, be docketed and proceed in this Court.

**JACKSON HEWITT INC.**

**BY SPILMAN THOMAS & BATTLE, PLLC**

/s/ Mitchell J. Rhein
Samuel M. Brock III (WVSB # 9216)
Mitchell J. Rhein (WVSB # 12804)
PO Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 (*facsimile*)
sbrock@spilmanlaw.com
mrhein@spilmanlaw.com

---

[2] Treadway sent the Complaint by certified mail to Evans's attorney appointed to represent him in criminal actions in West Virginia, Mr. David Thompson. (Summons, Ex. D.) On information and belief, Evans did not authorize Mr. Thompson to accept service of the Complaint on his behalf. Accordingly, Evans has not been "properly . . . served" and his consent is unnecessary. 28 U.S.C. § 1446(b)(2)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**GARY TREADWAY,**

    **Plaintiff,**

v.                                    Civil Action No.: _____

**JACKSON HEWITT INC.,**
**K.R. ENTERPRISES, INC., and**
**JEREMY W. EVANS,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Mitchell J. Rhein, do hereby certify that on the 16th day of February, 2017, I electronically filed the forgoing **"Notice of Removal"** with the Clerk of the U.S. District Court using the CM/ECF system, which will send notification of such filing to counsel of record, and that I have served the same, via United States Mail, first class postage prepaid, to the parties at the following address:

| | |
|---|---|
| KR Enterprises, Inc.<br>15 Cleveland Ave., Suite 8<br>Martinsville, VA 24112 | Jason E. Causey, Esq.<br>James G. Bordas, Jr., Esq.<br>Bordas & Bordas, PLLC<br>106 East Main Street<br>St. Clairsville, OH 43950<br>*Counsel for Plaintiffs* |
| Eric J. Buckner, Esq.<br>Katz, Kantor, Stonestreet &<br>Buckner, PLLC<br>207 South Walker Street<br>Princeton, WV 24740<br>*Counsel for Plaintiffs* | Jeremy W. Evans<br>18568 Cleveland Rd.<br>Abingdon, VA 24211 |

                                                    /s/ Mitchell J. Rhein
                                                    Mitchell J. Rhein (WVSB # 12804)